IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**DONALD RAY BISHOP,**

    **Plaintiff,**

v.                                                                           No. CIV-08-0689 WJ/LAM

**BILL RICHARDSON, Governor of the State of New Mexico,
JOE WILLIAMS, New Mexico Secretary of Corrections,
GARY KING, Attorney General of New Mexico,
JOHN DOE, registered agent for Wackenhut Corrections
Corporation, operator of LCCF and GCCF, LOUIS LOE,
registered agent for operator of the women's correctional
facility at Grants, NM, RICHARD ROE, registered agent
for operator of TCDF, SAMMY SOE, registered agent for
operator of Santa Fe County Detention Center/Facility,
Santa Fe, NM and TOMMY TOE, registered agent for
Global Expertise in Outsourcing (GEO),**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte* under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's ***Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*** *(Doc. 1)* and ***Amended Civil Rights Complaint*** *(Doc. 5)*. Plaintiff is incarcerated and appears *pro se*. The Court will dismiss the complaint, with leave to file certain amended claims as discussed below. ***Failure to comply with this order may result in dismissal of Plaintiff's action***. Also under consideration is Plaintiff's ***Motion to File Original Exhibit File*** *(Doc. 3)*, which will be denied as moot.

Under § 1915A, if "a prisoner seeks redress from a governmental . . . officer or employee . . . the court shall . . . dismiss the complaint . . . if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A(a), (b). The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently

obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff filed an original complaint and an amended complaint *(Docs. 1, 5)*. The amended complaint, which contains slightly expanded allegations, supersedes the original. *See Franklin v. Dep't of Corr'ns*, No. 05-3166, 160 Fed. Appx. 730, 734 (10th Cir. Dec. 23, 2005) (unpublished) (citations omitted). Furthermore, the amended complaint purports to initiate a class action. *See* **Amended Civil Rights Complaint** *(Doc. 5)* at 1 ("This amended complaint is brought by named Plaintiff pro se, as a class action on behalf of all persons who are now or will be confined by the State of New Mexico Corrections Department."). As a preliminary matter, raised *sua sponte* under Fed. R. Civ. P. 23, the Court first considers the question of class certification. *See* Fed. R. Civ. P. 23(c)(1)(A) ("[T]he court must determine by order whether to certify the action as a class action."

One of the four requirements for class certification is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *see also Shook v. El Paso County*, 386 F.3d 963, 971 (10th Cir. 2004). The Court of Appeals for the Tenth Circuit has determined that a *pro se* party may not represent a class in federal litigation. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *and cf.* Fed. R. Civ. P. 23(g)(1) ("a court that certifies a class must appoint class counsel"). Because Plaintiff does not meet the

representation requirement of Rule 23, the Court will deny class certification.  For purposes of adjudicating Plaintiff's claims, therefore, the amended complaint is hereafter referred to as the complaint in this action, and Plaintiff Bishop is the sole plaintiff.

The complaint names numerous defendants and sets out a long list of allegations about conditions of confinement and various policies and practices of the New Mexico Department of Corrections.  In summary, Plaintiff alleges that Defendants subject prisoners to overcrowding, inadequate ventilation, unsanitary conditions, arbitrary enforcement of property regulations, unsafe conditions, improper use of segregation and therapeutic programs, improper classification, forced idleness, inadequate recreation and visitation, illegal correspondence policies, inadequate medical care and legal access, and improper working conditions.  He also asserts a claim for illegal use of federal funds, contract violations, and fraud by the Department of Corrections.  Plaintiff contends that Defendants' actions violate a number of his federal and state law protections.  The complaint seeks equitable relief.

When Plaintiff filed his complaint, he was confined at the Lea County Correctional Facility in Hobbs, New Mexico.  He subsequently filed a notice of change of address to the Northeast New Mexico Detention Facility.  *See* **Notice of Address Change** *(Doc. 8)*; http://corrections.state.nm.us/prisons/privateinst.html . The Tenth Circuit has held that "individual claims for injunctive relief uniformly pertain[ing] to alleged constitutional violations at a single prison compound" are rendered moot when the claimant is no longer incarcerated at that prison. *Beierle v. Dep't of Corr'ns*, No. 03-1174, 79 Fed. Appx. 373, 375 (10th Cir. Oct. 22, 2003) (unpublished).  Thus, Plaintiff's claims of alleged overcrowding, inadequate ventilation, and

unsanitary conditions at his former locations of confinement are moot and will be dismissed with prejudice.

Nor is relief available on Plaintiff's allegations of department-wide arbitrary enforcement of property regulations, unsafe conditions, improper use of segregation and therapeutic programs, improper classification, forced idleness, inadequate recreation and visitation, illegal correspondence policies, inadequate medical care and legal access, or improper working conditions. The complaint contains no allegation that Plaintiff has been injured by these regulations or by Defendants' enforcement or violation of the regulations. One of the constitutional criteria for a plaintiff's standing to sue is a showing of "relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), "which can 'be redressed by a favorable judicial decision.'" *Gille v. Booher*, No. 00-6106, 229 F.3d 1163, 2000 WL 1174612, at \*\*1 (10th Cir. Aug. 18, 2000) (unpublished) (habeas proceeding) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "Article III of the Constitution requires a plaintiff to show . . . he or she has personally suffered an injury in fact." *Mount Evans Co. v. Madigan*, 14 F.3d 1444, 1450 (10th Cir. 1994); *and see Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006) (noting that standing requires showing of redressable injury).

With respect to these department-wide claims, the complaint does not even make the "general factual allegations of injury resulting from the defendant's conduct," needed to survive scrutiny under Rule 12(b)(6). *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), *quoted in United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001). Still, the action may not be dismissed unless "it is 'patently obvious' that . . . allowing [Plaintiff] an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d at 1110. Plaintiff's department-wide

claims will be dismissed without prejudice to allow his filing a second amended complaint containing proper allegations of personal injuries.

In addition, Plaintiff has no standing to assert a claim for the Department of Corrections' alleged illegal use of federal funds, contract violations, and fraud. *See, e.g., Terrell v. INS*, 157 F.3d 806, 809 (10th Cir. 1998) (noting that third-party standing requires showing of injury, close relation to the third party, and third party's inability to pursue claims); *Raiser v. United States*, 325 F.3d 1182, 1183-84 (10th Cir. 2002). The complaint makes none of the required allegations, and this claim will be dismissed with prejudice.

Finally, the Court also considers Plaintiff's ***Motion to File Original Exhibit File (Doc. 3)***, where Plaintiff asks the Court to allow him to file an "Original Exhibit File." Since the exhibit file has been filed, *see **Original Exhibit File** (Doc. 6)*, this motion is now moot.

**IT IS THEREFORE ORDERED** that certification of this action as a class action is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's claim of illegal use of federal funds, contract violations, and fraud by the Department of Corrections, as well as his claims of overcrowding, inadequate ventilation, and unsanitary conditions, are **DISMISSED with prejudice**; otherwise the complaint is **DISMISSED without prejudice**; and, **within fifteen (15) days from entry of this Order**, Plaintiff may file a second amended complaint in accordance with the foregoing Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that Plaintiff's ***Motion to File Original Exhibit File (Doc. 3)*** is **DENIED as moot**.

**IT IS SO ORDERED.**

‎ _____
**HONORABLE WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE**